**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **PETITION FOR HABEAS CORPUS** |
| vs. | ) | **RELIEF UNDER 28 U.S.C. § 2255** |
| | ) | |
| Karl Robert Irwin, | ) | |
| | ) | |
| Defendant. | ) | Case No. 1:06-cv-052 |
| _____ | ) | |
| | ) | |
| Karl Robert Irwin, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:05-cr-021 |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed on June 22, 2006. On June 28, 2006, the Court conducted an initial review of the motion and ordered the Government to file a response. See Docket No. 48. On July 7, 2006, the Government filed a response in opposition. See Docket No. 49. For the reasons set forth below, the Court denies the motion.

I.   **BACKGROUND**

On March 22, 2005, the defendant, Karl Irwin, was charged in a one-count indictment with possession with intent to distribute a controlled substance within 1000 feet of a school. See Docket No. 1. On July 12, 2005, a jury trial commenced in Bismarck, North Dakota. After a three-day trial, the jury returned a verdict of guilty. See Docket No. 36. On September 30, 2005, the Court

sentenced Irwin to a term of 175 months.[1]  See Docket Nos. 39 and 40.  Neither Irwin nor the Government filed an appeal.

In his petition, Irwin raises three separate grounds for relief.  Irwin claims that his sentence was based upon the incorrect finding that powder methamphetamine is a Schedule II controlled substance rather that a Schedule III controlled substance.  Irwin also contends that the statute under which he was convicted requires a finding by the jury that he actually distributed, attempted to distribute, or intended to distribute methamphetamine within 1,000 feet of a school.  Finally, Irwin raises a claim of ineffective assistance of counsel.  The Government has filed a brief opposing each ground.


II.     **LEGAL DISCUSSION**

   A.     **POWDER METHAMPHETAMINE: SCHEDULE II VS. SCHEDULE III CONTROLLED SUBSTANCE**

Irwin contends that powder methamphetamine is a Schedule III controlled substance, and that his sentence was adversely affected by an incorrect finding that powder methamphetamine is a Schedule II controlled substance.  Irwin was convicted of violating 21 U.S.C. § 860(b) which provides as follows:

> Any person who violates section 841(a)(1) of this title or section 856 of this title by distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary, vocational, or secondary school or a public or private college, junior college, or university, or a playground, or housing facility owned by a public housing authority, or within 100 feet of a public or private youth center, public swimming pool, or video arcade facility, is (except as provided in subsection (b) of this section) subject to (1) twice the maximum punishment authorized by

---

[1]The Presentence Investigation Report (PSR) determined that Irwin qualified as a career offender under Section 4B.1.1(a) of the Sentencing Guidelines and reflected an advisory guideline range of 360 months to life.

section 841(b) of this title; and (2) at least twice any term of supervised release authorized by section 841(b) of this title for a first offense. A fine up to twice that authorized by section 841(b) of this title may be imposed in addition to any term of imprisonment authorized by this subsection. Except to the extent a greater minimum sentence is otherwise provided by section 841(b) of this title, a person shall be sentenced under this subsection to a term of imprisonment of not less than one year. The mandatory minimum sentencing provisions of this paragraph shall not apply to offenses involving 5 grams or less of marihuana.

(emphasis added).  21 U.S.C. § 841(b) prescribes a term of imprisonment ranging from five (5) to forty (40) years for "5 grams or more of methamphetamine, its salts, isomers, and salts of its isomers or 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers."  See 21 U.S.C. § 841(b)(1)(B)(viii).  Thus, a violation of 21 U.S.C. § 860(b) results in a term of imprisonment ranging from ten (10) to eighty (80) years, or double that of a Section 841(a) violation.   The plain language of the statute reveals that the sentence is based amount on quantity of drugs, not the schedule to which it belongs.  It is irrelevant which schedule powder methamphetamine is classified for sentencing purposes.  See United States v. Macedo, 406 F.3d 778, 785-788 (7th Cir. 2005).

Moreover, powder methamphetamine is, in fact, a Schedule II controlled substance.  In stating otherwise, Irwin relies upon the language of 21 U.S.C. § 812 which states that only methamphetamine in its liquid form is a Schedule II controlled substance.  However, 21 U.S.C. § 811(a)(1) expressly authorizes the Attorney General to "transfer between such schedules any drug or other substance."  The Attorney General has rescheduled all forms of methamphetamine as Schedule II controlled substances.  See 21 C.F.R. § 1308.12(d); see also United States v. Roark, 924 F.2d 1426, (8th Cir. 1991) ("methamphetamine is properly classified as a Schedule II controlled substance pursuant to 21 C.F.R. 1308.12(d).").  Thus, it is clear that Irwin's argument regarding powder methamphetamine's scheduling is devoid of merit.

3

**B.      DISTRIBUTION WITHIN 1,000 FEET OF A SCHOOL**

Irwin also contends that 21 U.S.C. § 860(b) requires a finding by the jury that he actually distributed, attempted to distribute, or intended to distribute methamphetamine within 1,000 feet of a school.  The Government correctly recognizes that Irwin's argument in this regard has been rejected by every circuit court to have addressed the issue to date.  See United States v. Jackson, 443 F.3d 293, 298-99 (3d Cir. 2006); United States v. Harris, 313 F.3d 1228, 1238-39 (10th Cir. 2002); United States v. Ortiz, 146 F.3d 25, 28-30 (1st Cir. 1998); United States v. Lloyd, 10 F.3d 1197, 1218 (6th Cir. 1993); United States v. McDonald, 991 F.2d 866, 868-70 (D.C. Cir. 1993); United States v. Wake, 948 F.2d 1422, 1429-34 (5th Cir. 1991).  As stated by one court, "the government need only prove that the defendant possessed illegal drugs within 1,000 feet of a school and intended to distribute them *somewhere*."  Harris, 313 F.3d 1228, 1240 (emphasis in original).

Irwin stipulated at trial that his property and residence was within 1,000 feet of a school.  See Docket No. 32.  Testimony was presented at trial that methamphetamine was found in and around his property and residence.  As the case law has recognized, the Government did not have any additional burden to prove that Irwin actually intended to distribute methamphetamine within the same parameters.


**C.      INEFFECTIVE ASSISTANCE OF COUNSEL**

Finally, Irwin's raises ineffective assistance of counsel based on the substantive issues he raised, namely that (1) powder methamphetamine is a Schedule III controlled substance, and (2) a conviction under 21 U.S.C. § 860(b) requires distribution, attempt to distribute, or an intent to distribute within 1,000 feet of a school.  Irwin essentially contends that his counsel failed to understand the elements and statutory definitions of the crime for which he was charged.  The Eighth

4

Circuit outlined the claim for ineffective assistance of counsel as follows:

> To obtain relief based on a deprivation of the right to effective assistance of counsel, [the defendant] must prove two elements of the claim. First, [the defendant] "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). In considering whether this showing has been accomplished, "[j]udicial scrutiny of counsel's performance must be highly deferential." <u>Id.</u> at 689. We seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. <u>Id.</u> Second, [the defendant] "must show that the deficient performance prejudiced the defense." <u>Id.</u> at 687. This requires [the defendant] to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694.

<u>United States v. Thammavong</u>, 378 F.3d 770, 772 (8th Cir. 2004).

As previously noted, Irwin's legal arguments as to the substantive issues presented in the petition are devoid of merit. It cannot be said that his attorney was deficient or ineffective by failing to advocate such issues at trial. Irwin has failed to provide evidence to support his claim of ineffective assistance of counsel.

## III.   <u>CONCLUSION</u>

For the reasons set forth above, the Court **DENIES** the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Docket No. 46).

**IT IS SO ORDERED**

Dated this 25th day of July, 2006.

*/s/ Daniel L. Hovland*_____
Daniel L. Hovland, Chief Judge
United States District Court